UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO: 1:18 - 22383

ANGEL HUNTER

    Plaintiff,

v.

UNITED STATE OF AMERICA

    Defendant.

_____/

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff, Angel Hunter, by counsel, for her complaint against the Defendant, United States of America, states as follows:

### INTRODUCTION

1. This is an action for damages for negligence and infliction of emotional distress in connection with treatment provided to Plaintiff Hunter by Banyan Community Health.

2. The claims herein are brought against the defendant pursuant to the Federal Torts Claims Act (28 U.S.C. §2671 *et. seq.*) and 28 U.S.C. §1346 for money damages as compensation for personal injuries caused by Defendant's negligence.

3. Plaintiff, ANGEL HUNTER, pursuant to the Federal Torts Claims Act 28 U.S.C. §2671-80 seeks damages arising from the United States for negligence, and other wrongful acts. Ms. Hunter resides in Miami Dade County and is a resident of the city of Miami.

1

4. The defendant the United States through its agency, the Department of Health and Human Services operates Banyan Community Health, a facility in Miami Dade Florida.

5. The United States including directors, officers, doctors, employees, agents, staff at the Banyan Community Health are collectively referred to as Banyan.

6. This court has jurisdiction pursuant to 28 U.S.C. §1331 in that this action arises under the laws of the United States, and is premised on the actions or omissions of the defendant acting under color of law. This court further has jurisdiction pursuant to 28 U.S.C. §1346 in that this claim is against the United States for money damages accruing after January 1, 1945 for the injuries caused by the negligent actions of the employees of the United States while in the course and scope of their employment, under circumstances where in a private citizen would be liable to the Plaintiff.

7. Jurisdiction is founded under federal law, and is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act, 28 U.S.C. §2671.

8. Pursuant to the FTCA, the Plaintiff filed her claim to the appropriate federal authorities for administrative settlement, and the claim has been denied.

9. The action is timely in that it was presented to the agency within two years of accrual, and this action was filed within six months of the denial, 28 U.S.C. §2401 (b).

10. Venue is proper in this district pursuant to 28 U.S.C. §1391 as defendant does business in this district and the events or omissions giving rise to the claims occurred in this district.

## PARTIES

11. ANGEL HUNTER is the plaintiff and the action is brought by her individually.

12. Defendant is the UNITED STATES OF AMERICA is the subject of the suit for injuries caused by the negligence and wrongful acts and omission of the employees of the health care facility, Banyan, acting on behalf of the federal agency in an official capacity under the FTCA as the term government employee is broadly defined pursuant to 28 U.S.C. §2671.

13. At all times material to this action the government is responsible for the supervision training and coordination of its employees and doctors acting on behalf of the federal agency in an official capacity.

## FACTUAL ALLEGATIONS

14. At all times mentioned, Defendant undertook and agreed to render medical care to Plaintiff during the last three years from 2014 through Oct 13, 2017.

15. At all times mentioned the Defendant undertook and agreed to render psychiatric care to Plaintiff during the last three years, and acted in the scope of his employment with the federal government at a health clinic.

16. On or about October 13, 2017, during the course of Banyan's evaluation of Plaintiff, the doctor suddenly and unexpectedly grabbed Plaintiff to kiss her, which she attempted to resist.

17. The inappropriate, unwanted and coercive sexual advances included touching, kissing and slapping of the derriere.

3

18. The United States had a duty to supervise and protect patients from sexual harassment by the doctor who at all times material in this complaint is engaged in the course and scope of his employment for the government at Banyan.

19. On October 13, 2017, while the plaintiff was lawfully on the premises of defendant in Miami Florida, the doctor negligently and carelessly became sexually aroused, and initiated sexual contact with the plaintiff making seductive comments and touching the plaintiff on her buttocks and lips. These acts were done entirely within the course and scope of his employment and would be actionable in the state of Florida.

## NEGLIGENT TRAINING AND SUPERVISION

20. Plaintiff incorporates paragraphs 1-19 as fully set forth herein.

21. At all times material hereto, Banyan had a duty in light of the doctor patient relationship, Florida Statutes and common-law, and pursuant to its own policies and procedures to prevent sexual harassment of patients such as the Plaintiff.

22. This duty required Defendant to ensure that its employees were properly trained, educated and supervised in appropriate interactions with patients

23. Defendant breached its duty of care in the following respects:
    a. Negligently failing to have in place and enforce adequate and appropriate policies and procedures to ensure protection of patients from sexual harassment, including plaintiff.

    b. Negligently failing to provide adequate educational instruction to its employees as regulations and guidelines concerning sexual harassment of patients, including plaintiff.

24. As a direct and proximate result of the negligence of Defendant as alleged herein, plaintiff was subjected to unwanted and coercive sexual harassment.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff incorporates paragraphs 1-24 as fully set forth herein.

26. The plaintiff has been a patient of the Defendant clinic for many years.

27. She has a diagnosed psychiatric condition which was being treated at the Defendant's clinic.

28. The Defendant knew or should have known of her psychiatric condition as her medical records were reviewed by them.

29. In spite of this knowledge, the conduct of the Defendant doctor, which included rubbing up against her in an aroused condition, grabbing her underwear, and slapping of the buttocks was a reckless infliction of emotional suffering

30. Such conduct by the defendant was outrageous.

31. The conduct caused emotional distress for the plaintiff who is a known psychiatric patient.

32. The distress is severe as the conduct was so extreme in degree that it is clearly atrocious and utterly intolerable in a civilized community.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ANGEL HUNTER respectfully prays for judgment in excess of Three Million Dollars ($3,000,000.00) interest and costs against Defendant UNITED STATES, a jury trial, and also claims the following damages including mental anguish and emotional distress, embarrassment and humiliation. These loses are permanent and continuing in nature, and will suffer them in the future; such other relief as this Court deems just and proper

Respectfully Submitted,

William C. Robinson, Esquire
Attorney for Plaintiff
P.O. Box 610575
North Miami, FL 33261
Tel: (305) 454-9632
Fax: (786) 520-3972
E-mail: robinsonwilliam8@gmail.com

William C. Robinson
Florida Bar No: 386847

6